

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **STEPHANIE HUNTER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | **2:19-CV-00904-AKK** |
| ) | |
| **LABORATORY CORPORATION OF** ) | |
| **AMERICA, THERESA BURKE,** ) | |
| **CHAUNCEY HARRIS, LYNN** ) | |
| **METCALF, SHAWN SPARKS** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS AND
MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Defendants Theresa Burke, Chauncey Harris, Lynn Metcalf, Shawn Sparks and Laboratory Corporation of America ("LabCorp") and submit the following partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In support thereof, Defendants show unto the Court the following:

### I.   PARTIAL MOTION TO DISMISS

#### A.  Standard of Review

A motion to dismiss shall be granted when it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994); *see also Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1988) (affirming District Court's grant of 12(b)(6) dismissal). When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). This standard does not force a plaintiff to provide "detailed factual allegations" to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), but the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Worthy v. Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). At minimum, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Plaintiff's claims against the individual Defendants are due to be dismissed as they are not "employers."**

Individual employees of an employer cannot be held liable for alleged violations of Title VII or the ADA where the individual does not himself qualify as an "employer." *See Mason v. Stallings*, 82 F. 3d 1007, 1009 (11th Cir. 1996); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (determining that liability for individuals is precluded for alleged violations of the ADA); *Smith v. Lomax,* 45 F.3d 402, 403, n. 4 (11th Cir. 1995) (holding that individuals "cannot be held liable under…Title VII"); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) (finding that "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").

Under Title VII and the ADA, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees…and any agent of such a person…" *See* 42 U.S.C. § 2000(e)(b); 42 U.S.C. § 12111(5)(A); *see also Mason*, 82 F.3d at 1009 (noting that the definitions of "employer" under the ADA and Title VII are alike and do not confer individual liability on employees). According to the Eleventh Circuit, the term "agent" is included

PD.26874043.9

to "ensure *respondeat superior* liability of the employer for the acts of its agents" and does not give rise to a cause of action against individual employees. *Id.*.

The preclusion of individual liability under the ADA and Title VII also extends to claims of retaliation. *See Albra*, 490 F.3d at 830 (concluding that individual employees are not liable for violations of the ADA's anti-retaliatory provisions); *see also Mooren v. Sys. Studies & Simulation, Inc.*, 2017 U.S. Dist. LEXIS 132283, *20 (N.D. Ala. 2017) (determining that plaintiff's claims against an individual for retaliation under Title VII failed because there is no individual liability under Title VII).

Here, Plaintiff asserts claims against LabCorp employees Theresa Burke in her capacity as Human Resources Manager, Chauncey Harris in his capacity as a Supervisor, Lynn Metcalf in her capacity as a Manager, and Shawn Sparks in her capacity as a Team Lead. (Doc. 1, p. 2-3). Burke, Harris, Metcalf, and Sparks are not "employers" for the purposes of the ADA and Title VII and cannot be held liable in their individual capacities. See *Mason*, 82 F.3d at 1009; *Albra*, 490 F.3d at 830; *Smith*, 45 F.3d at 403, n. 4; *Busby*, 931 F.2d at 772; *Mooren*, 2017 U.S. Dist. LEXIS 132283 at *20. As such, Plaintiff's claim against Individual Defendants Burke, Harris, Metcalf, and Sparks are due to be dismissed for failing to state a claim upon which relief can be granted.

## II.   MOTION FOR MORE DEFINITE STATEMENT

### A. Pleading Requirements

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." The rule requires that such a motion be made prior to filing a responsive pleading and that it "point out the defects complained of and the details desired." *Id.* Rule 12(e) motions may

PD.26874043.9

be granted if a complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.*

Pursuant to Rule 8(e) of the Federal Rules of Civil Procedure, pleadings must be concise and direct. In particular, a complaint must be specific enough to allow the defendant to recognize and respond to a plaintiff's allegations. Fed. R. Civ. P. 8(e)(I) ("Each averment of a pleading shall be simple, concise and direct."). A complaint must be sufficient to put a defendant on notice of the claims against that party. Thus, the rules require a party to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Plaintiff must "state [her] claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Although courts have sometimes disfavored Rule 12(e) motions given the generous pleading standard of Rule 8, a motion for a more definite statement is appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002);  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 590 n. 9 (2007).

*Pro se* complaints are to be held to less stringent standards than pleadings drafted by lawyers, and should therefore be liberally construed.  *Novero v. Duke Energy*, 753 Fed. Appx. 759, 765 (11th Cir. 2018). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Muhammad v. Muhammad*, 654 Fed. Appx. 455, 457 (11th Cir. 2017); *citing Albra v. Advan, Inc*., 490 F.3d 826, 829 (11th Cir. 2007). Thus, where a complaint lacks "sufficient specificity" for a defendant to frame a responsive pleading, "[t]he remedy…is, of course, a Rule 12(e) motion for a more definite statement." *Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117, 1126 n. 4 (11th Cir. 2014); *see also Porter v. Duval County Sch. Bd.*, 406 Fed. Appx.

- 4 -

460, 461 (11th Cir. 2010) (affirming the District Court's grant of defendant's motion for a more definite statement where *pro se* plaintiff's complaint was vague and ambiguous because it included numerous claims against multiple defendants in lengthy, unnumbered paragraphs.)

**B. Plaintiff's Complaint lacks sufficient specificity.**

**i.   The identity of the Defendants.**

It is entirely unclear which individuals and/or entities are meant to be named as defendants in this action. Plaintiff filled out a form Complaint for Employment Discrimination in her own handwriting. [Doc. 1]. The style of the case reflects the sole defendant as "Laboratory Corporation of America." Contrary to the styled defendant, paragraph 2 of the form complaint identifies the defendants as Chauncey Harris, Shawn Sparks, Theresa Burke, and Lynn Metcalf. *Id.* The form instructs, "[p]rovide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation." Plaintiff did not list LabCorp as a named defendant in this section of her complaint.

In order to be able to reasonably respond to the claims in the pleadings, it must be clear against whom the allegations have been made. Defendants request a more definite statement of the named individuals and entities in this action.

**ii.   Clearly identified paragraphs for each allegation.**

The form complaint consists of only eleven identified paragraphs and subparagraphs. Paragraph 9 [Doc. 1, p. 5] of the form provides, "Attach additional pages if needed." Pages 14 and 15 of the complaint consist of handwritten notes which are not numbered. It is unclear if these pages are meant to be considered individual allegations to which a response is required. To the extent that these pages are intended to serve as additional allegations, Defendants request that

Plaintiff comply with Rules 8(d) and 10(b) of the Federal Rules of Civil Procedure and provide all allegations in concise, separate paragraphs.

### III.   CONCLUSION

Wherefore, the aforementioned premises considered, Defendants respectfully request this Court to dismiss Plaintiff's claims against Individual Defendants pursuant to Fed. R. Civ. P. 12(b)(6) and grant their motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), requiring Plaintiff to amend her complaint to more fully and clearly set forth the allegations of the suit so a responsive pleading can be properly framed.

Respectfully submitted,

*/s/ J. Day Peake III*

J. Day Peake III (PEA038)
Loren A. Rafferty (RAF002)
*Attorneys for Defendants Laboratory*
*Corporation of America, Theresa Burke,*
*Chauncey Harris, Lynn Metcalf, and Shawn*
*Sparks*

OF COUNSEL:
**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
251-432-4481
day.peake@phelps.com
loren.rafferty@phelps.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on October 11, 2019 filed the foregoing with the Clerk of Court via electronic means, which will serve notice to all counsel and parties of record and have served Plaintiff with the same via U.S. Mail or e-mail correspondence as follows:

Stephanie Hunter
170 Chandler Field Drive
Covington, GA 30016
Tel: (404) 573-1691
shunter143@gmail.com
***Pro Se Plaintiff***

*/s/ J. Day Peake III*                                              
J. DAY PEAKE III

- 7 -