### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **STEPHANIE HUNTER**  )<br> )<br>**Plaintiff,**  )<br> )<br>v.  )<br> )<br>**LABORATORY CORPORATION OF**  )<br>**AMERICA, THERESA BURKE,**  )<br>**CHAUNCEY HARRIS, LYNN**  )<br>**METCALF, SHAWN SPARKS**  )<br> )<br>**Defendants.**  ) | **CIVIL ACTION NO.:**<br>**2:19-CV-00904-AKK** |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR
### PARTIAL MOTION TO DISMISS AND
### MOTION FOR MORE DEFINITE STATEMENT

COME NOW, Defendants Theresa Burke, Chauncey Harris, Lynn Metcalf, Shawn Sparks and Laboratory Corporation of America ("LabCorp") and submit the following reply in support of their partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In support thereof, Defendants show unto the Court the following:

1. On October 15, 2019, Plaintiff submitted her response in opposition to Defendants' partial motion to dismiss and motion for more definite statement (Doc. 12).

2. In her response, Plaintiff failed to address any of the substantive arguments presented in Defendants' partial motion to dismiss and motion for more definite statement (Doc. 9). Plaintiff cites no cases and offers no rebuttal arguments to support her position that the pending motions should be denied. While Plaintiff is a *pro se* litigant, she is not exempt from the requirements of the Federal Rules of Civil Procedure. *Muhammad v. Muhammad*, 654 Fed. Appx. 455, 457 (11th Cir. 2017); *citing Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

PD.27275209.1

3.   Rather than offer arguments or evidence against the pending motions, Plaintiff alleges that she should be provided time to secure counsel and curiously attaches an unauthenticated Birmingham Police Report to her filing.

4.   When Plaintiff filed her complaint on June 11, 2019, she also filed a Motion for Leave to Proceed in In Forma Pauperis (Doc. 2) wherein she requested appointment of an attorney and the authority to proceed with her lawsuit without prepaying fees and costs. On August 12, 2019, this Court granted Plaintiff's motion but denied Plaintiff's request for appointed counsel (Doc. 3). Plaintiff has had more than enough time to secure counsel as it has been over 60 days since Plaintiff's request for appointed counsel was denied. *See Smith v. Moman*, 2018 U.S. Dist. LEXIS 104076, *5 (M.D. Ala. 2018) (providing Plaintiff 30 days to procure counsel and holding that, if she did not have counsel within that time, she would be required to proceed pro se until she was able to secure counsel); *See Adkins v. Hosp. Auth. of Houston County*, 2009 U.S. Dist. LEXIS 97361, *45 (M.D. Ga. 2009) (giving Plaintiff 45 days to secure counsel and finding that, if Plaintiff failed to secure new counsel during that time, he would be required to proceed pro se.). No further delay is necessary based on Plaintiff's alleged failure to procure counsel within a reasonable time.

5.   As it relates to the Birmingham Police Report attached to Plaintiff's response, "[t]he court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Bethel v. Baldwin County Bd. of Educ.*, 371 Fed. Appx. 57, 61 (11th Cir. 2010). The police report is immaterial and irrelevant to Plaintiff's response to Defendants' partial motion to dismiss and motion for more definitive statement because Plaintiff has made no reference to the report in her handwritten response and offers no explanation as to why that report is attached or what purpose the report serves in her response. Further, the record is not

authenticated. As such, this Court should strike the Birmingham Police Report from the Plaintiff's response.

6. Defendants rely upon their arguments set forth in the pending motions and because Plaintiff has failed to rebut them, moves the Court for an order, granting partial dismissal and an order for more definite statement.

WHEREFORE, the aforementioned premises considered, Defendants respectfully request this Court to strike the Birmingham Police Report attached to Plaintiff's response, dismiss Plaintiff's claims against Individual Defendants pursuant to Fed. R. Civ. P. 12(b)(6), and grant Defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), requiring Plaintiff to amend her complaint to more fully and clearly set forth the allegations of the suit so a responsive pleading can be properly framed.

Respectfully submitted,

/s/ J. Day Peake III
J. Day Peake III (PEA038)
Loren A. Rafferty (RAF002)
*Attorneys for Defendants Laboratory Corporation of America, Theresa Burke, Chauncey Harris, Lynn Metcalf, and Shawn Sparks*

OF COUNSEL:
**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
251-432-4481
day.peake@phelps.com
loren.rafferty@phelps.com

- 4 -

## CERTIFICATE OF SERVICE

      I do hereby certify that I have on October 28, 2019 filed the foregoing with the Clerk of Court via electronic means, which will serve notice to all counsel and parties of record and have served Plaintiff with the same via U.S. Mail or e-mail correspondence as follows:

Stephanie Hunter
170 Chandler Field Drive
Covington, GA 30016
Tel: (404) 573-1691
shunter143@gmail.com
*Pro Se Plaintiff*

                                      */s/ J. Day Peake III*
                                      J. DAY PEAKE III