# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEPHANIE HUNTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action Number |
| | ) **2:19-cv-00904-AKK** |
| **LABORATORY CORPORATION** | ) |
| **OF AMERICA, CHAUNCEY** | ) |
| **HARRIS, SHAWN SPARKS,** | ) |
| **THERESA BURKE, AND LYNN** | ) |
| **METCALF,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Stephanie Hunter, proceeding *pro se*,[1] brings this action against Laboratory Corporation of America (Lap Corp), Chauncey Harris, Shawn Sparks, Theresa Burke, and Lynn Metcalf. *See* doc. 1. Hunter alleges claims, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, for employment discrimination on the bases of race, gender, disability, and retaliation, as well as the

---

[1] Hunter filed a motion to proceed in forma pauperis, doc. 2, along with her complaint, doc. 1. The court denied this motion. *See* doc. 3. In her first response to Defendants' motion to dismiss, filed over two months after the court denied her in forma pauperis motion, Hunter fails to respond to the motion to dismiss, but instead requests time to obtain an attorney. *See* doc. 12. In her second response, doc. 14, Hunter states she is "in the process of obtaining an attorney that will represent [her]," but provides no further detail. The court will grant Hunter leave to amend her complaint to remedy the deficiencies discussed below, and she may employ an attorney to draft this amended complaint if she wishes to do so.

1

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117. *Id*. at 3-4. The Defendants have moved to partially dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as for a more definitive statement pursuant to Rule 12(e). *See* doc. 9. The motion is fully briefed, *see* docs. 12, 13, and 14, and ripe for review.[2] For the reasons stated below, the Defendants' motion is due to be granted.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

---

[2] Neither of Hunter's two responses to the motion to dismiss, docs. 12 and 14, actually address the Defendants' arguments for dismissal. The second response, doc. 14, provides new factual allegations not stated in Hunter's complaint. Factual allegations presented for the first time in responsive briefing enjoy no presumption of truth. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (citations and quotation marks omitted). Accordingly, to the extent Hunter intends to plead as true the new allegations she provides in her second response to Defendants' motion to dismiss, *see* doc. 14, she must include them in her amended complaint.

*Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Additionally, because Hunter is proceeding *pro se*, the court must construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

## II.

Hunter, an African-American woman who suffers from multiple sclerosis,

doc. 1 at 11, began working for Lab Corp as a phlebotomist in 2015.[3] *Id*. at 13. Twice she has filed charges against Lab Corp with the Equal Employment Opportunity Commission, first with complaints of discrimination based on race, disability, and retaliation, and subsequently with renewed complaints of disability discrimination and retaliation. *Id*. After obtaining her right-to-sue notice, Hunter subsequently filed this lawsuit. *Id.* at 14-15.

Hunter states that shortly after she began working at her current office within Lab Corp, defendants Chauncery Harris, Lynn Metcalf, Theresa Burke, and Shawn Sparks began committing "intentional acts" against her, resulting in her "being singled out, humiliated, being refused [her] disability accom[m]odation request [and being] forced to remain" in this purportedly difficult department. *Id.* at 15. She alleges that Sparks, the department lead, "racially insulted" her, and Harris, her supervisor, "assaulted and sexually harassed" her. *Id.* Hunter made several transfer requests to Burke and Metcalf asking to leave the department, several of which were denied. *Id.* At some point, Metcalf allegedly "removed [Hunter] from one hostile environment to be placed in another . . . where [Metcalf] would refuse [Hunter's] time off request[s], force and overload [Hunter] with work, allow

---

[3] Hunter's allegations are presumed true for purposes of Fed. R. Civ. P. 12(b)(6). As such, the following facts are taken from the complaint, doc. 1. *See Grossman*, 225 F.3d at 1231. However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 556 U.S. at 662.

harassment and [refuse Hunter] proper training . . ." *Id*. at 14. When Hunter reported this alleged mistreatment, she faced such "severe[]" retaliation from Metcalf as well as from Hunter's new supervisor, Rebecca Holmes, and Hunter's new department lead, Phillip Connor, that her elevated stress resulted in "flare ups" of her multiple sclerosis. *Id.* Hunter requests financial compensation for "medical bills, financial losses and intentional acts resulting [in] counseling," stating she is entitled to money damages because she has "endure[d] . . . acts all [of] which the company policy is against." *Id.* at 6.

## III.

Defendants move to dismiss Hunter's claims against individual defendants Burke, Harris, Metcalf, and Sparks. Doc. 9 at 3. The court notes that Hunter failed to address these contentions in either of her responses to the motion, and instead simply realleged the claims in her complaint. *See* docs. 12 and 14. Consequently, Hunter has abandoned these claims, and they are "due to be dismissed on those grounds alone." *See e.g.*, *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1228 (N.D. Ala. 2014) (citing *Fischer v. Fed. Bureau of Prisons*, 349 F. App'x. 372, 375 n. 2 (11th Cir. 2009)). Alternatively, because the individual defendants cannot be held

liable as individuals under Title VII[4] or the ADA,[5] Hunter fails to state a claim upon which relief may be granted, and her claims as to these defendants are due to be dismissed.

Defendants also move for a more definite statement, citing Hunter's complaint's lack of clarity. Doc. 9 at 5-6. Federal Rule of Civil Procedure 12(e) counsels that such a motion should be granted when a pleading is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id*. Pursuant to Rule 8(e) of the Federal Rules of Civil Procedure, pleadings must be concise and direct. In particular, a complaint must be specific enough to allow the defendant to recognize and respond to a plaintiff's allegations. Fed. R. Civ. P. 8(e)(I) ("Each averment of a pleading shall be simple, concise and direct.").

A complaint must be sufficient to put a defendant on notice of the claims against that party. Thus, the rules require a party to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Plaintiff must "state [her] claims…in numbered paragraphs, each

---

[4] *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").

[5] *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (holding that the ADA precludes individual liability for discrimination and retaliation); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (finding the definitions of "employer" under the ADA and Title VII to be similar in precluding individual liability).

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 590 n. 9 (2007). While Hunter may think these requirements are stringent for a non-lawyer, even pro se litigants like Hunter "must comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). In other words, "[e]ven though a pro se complaint should be construed liberally . . . [it] still must state a claim upon which the court can grant relief." *Grigsby v. Thomas*, 506 F. Supp. 2d 26, 28 (D.D.C. 2007); *see, e.g.*, *Porter v. Duval County Sch. Bd.*, 406 F. App'x 460, 461 (11th Cir. 2010) (affirming the grant of defendant's motion for a more definite statement where pro se plaintiff's complaint included numerous claims against multiple defendants in lengthy, unnumbered paragraphs).

As written, Hunter's complaint fails to provide Lab Corp sufficient notice as to what it purportedly did to violate the ADA and Title VII. Hunter lists Lab Corp as the sole defendant in her complaint heading, doc. 1 at 1, but then names only Harris, Burke, Metcalf, and Sparks as defendants in the body of the form complaint, *id.* at 2-3. And, in her handwritten factual allegations, Hunter describes retaliation from Rebecca Holmes, her current supervisor, and Phillip Connor, her current team

lead, but she mentions neither Holmes nor Connor elsewhere in her complaint. *Id.* at 14. Moreover, throughout her complaint, Hunter attributes instances of purportedly discriminatory behavior to several defendants, failing to identify which defendant perpetrated each act.[6] Finally, several of Hunter's allegations are too vague to allow a reasonable opportunity to respond.[7]

With the guidance now that Hunter can only sue Lab Corp, instead of the individual supervisors, under Title VII and the ADA, Hunter can now focus on revising her complaint to outline in numbered, succinct paragraphs the alleged conduct her supervisors and coworkers engaged in that she believes Lab Corp is responsible for and to explain the laws implicated by the conduct. Accordingly, the motion for a more definitive statement is also due to be granted.

## IV.

For the reasons stated above, the Defendants' Partial Motion to Dismiss and Motion for More Definite Statement, doc. 9, is **GRANTED**. Hunter's claims against individual defendants Theresa Burke, Chauncey Harris, Lynn Metcalf, and Shawn Sparks are **DISMISSED WITHOUT PREJUDICE**. Hunter is **DIRECTED** to file

---

[6] *See id.* at 14 ("Lynn Metcalf, Rebecca Holmes[,] . . . and Phillip Connor would retaliate so severely every time I would make a report . . . that my stress level would be so unbearable it would cause flare ups from the multiple sclerosis."); *id.* at 15 ("I was forced to remain in the Propel Department where intentional act would take place which would include being singled out, humiliated, [and] being refuse my disability accom[m]odation request by Chauncy Harris, Lynn Metcalf, Theresa Burke and Shawn Sparks[.]").

[7] Hunter references "sexual harassment[,] assault[,] being forced to work in a hostile environment[,]" and other "intentional acts" that caused her distress. *See generally* doc. 1.

an amended complaint describing in detail the factual basis for each of her claims against Lab Corp by May 4, 2020. Put simply, Hunter should list in separate, numbered paragraphs the facts that support her race discrimination claims, the facts that support her disability discrimination claims, and the facts that support her retaliation claims against Lab Corp. A failure to comply with this order will result in the dismissal of this lawsuit without prejudice.

      **DONE** the 27th day of April, 2020.

                                                _____
                                                   **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE